UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER GLOBUS and
MICHAELENE DAWSON, on behalf of
themselves and others similarly situated,

Plaintiffs,

vs.

PIONEER CREDIT RECOVERY, INC., a
Delaware Corporation,

Defendant.

CLASS ACTION

15-CV-152V

**FINAL APPROVAL ORDER**

This Court having held a final approval hearing on July 27, 2016; notice of the hearing having been duly given in accordance with this Court's order (1) conditionally certifying a Settlement Class, (2) preliminarily approving the class action settlement, (3) approving the notice plan, and (4) setting the Final Approval Hearing (the "Preliminary Approval Order" issued by Hon. John T. Curtin); this Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and this Court finding no reason to delay in the entry of this Final Approval Order and good cause appearing therefor,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1

1.      The Settlement Agreement dated November 25, 2015, including its exhibits (the "Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Final Approval Order, which constitutes a final judgment and order of dismissal.

2.      This Court has jurisdiction over the subject matter of the action and over the Parties, including all persons in the following Settlement Class, which was certified for settlement purposes in this Court's Preliminary Approval Order:

> The persons identified by Pioneer Credit Recovery, Inc. and General Revenue Corporation in available records as having been sent between February 17, 2014 and December 2, 2015 any correspondence with which the automatic withdrawal authorization in the form attached to the Settlement Agreement as Exhibit E was included (the "Withdrawal Authorization").  Excluded from the Settlement Class are: the Judge to whom the Action is assigned, any member of the Judge's staff and immediate family, and all persons who validly request exclusion from the Settlement Class.

3.      This Court hereby finds that the Agreement is the product of arm's-length settlement negotiations among the plaintiffs, Class Counsel, and the defendants.  *See Bezio v. Gen. Elec. Co.*, 655 F. Supp. 2d 162, 166–67 (N.D.N.Y. 2009) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.").

4.      This Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class in accordance with the terms set forth in Section III.E of the Agreement and in compliance with this Court's Preliminary Approval Order.

5.     This Court further finds and concludes that the Class Notice and Settlement Award distribution procedures set forth in Sections III.E and III.F.6 of the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice procedures practicable under the circumstances, provided individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the settlement and this Final Approval Order.

6.     This Court hereby finds and concludes that the notice provided by the defendants to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.     This Court hereby finally approves the Agreement and the settlement contemplated thereby; finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure; and directs its consummation pursuant to its terms and conditions. *See Thompson v. Metro. Life Ins. Co.*, 216 F.R.D. 55, 61 (S.D.N.Y. 2003) (granting final approval of class action settlement).

8.     This Court reserves jurisdiction over all matters arising out of the Agreement.

9.     This Court hereby dismisses the action with prejudice, without fees or costs, except as expressly provided for in the Agreement and in paragraph 15 below.

10.     Six Class Members excluded themselves from the Settlement. The names of the Class Members who excluded themselves from the Settlement are Charlotte E.

Hutchins, Franklyn Allen-Voorhies, Kevin Ra, Parker Waggaman, Roxanne Mauriello, and Scott J. Brish. Aside from the Class Members who excluded themselves, the plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of the plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws, are terminated.

11.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member or Members, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order, and this Court's authority to effectuate the Agreement, and is ordered in support of this Court's jurisdiction and to protect its judgments.

12.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by the defendants, or of the truth of any of the claims asserted by the plaintiffs in the action, and evidence relating to the Agreement shall not be discoverable or used, directly or

indirectly, in any way, whether in the action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Final Approval Order.

13.     If for any reason the settlement terminates or the effective date does not occur, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the action, without prejudice to the right of any of the Parties to assert any argument or position that could have been asserted if the settlement had never been reached or proposed to the Court.

14.     If any provision of the settlement or this Final Approval Order is asserted by Pioneer Credit Recovery, Inc. and/or General Revenue Corporation as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member or Members, that suit, action, or other proceeding immediately shall be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this

Final Approval Order, and this Court's authority to effectuate the settlement, and are ordered in support of this Court's jurisdiction and to protect its judgment.

15.    This Court approves Class Counsel's application for $172,500 in attorneys' fees and costs, for an incentive award to the plaintiffs in the amount of $1,500 each, and for statutory damages to the plaintiffs in the amount of $1,000 each.

16.    Finding that there is no reason for delay, this Court orders that this Final Approval Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure and a dismissal of the action.   The Clerk of the Court is directed to close this case.

SO ORDERED.


Dated: July 27, 2016                              _s/Lawrence J. Vilardo_
                                                  Lawrence J. Vilardo
                                                  United States District Judge